UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN LITTLEJOHN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO.: 3:24-CV-184-TLS-JEM |

**OPINION AND ORDER**

Justin Littlejohn, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for murder under Case No. 02D04-1601-MR-1. Following a jury trial, on July 29, 2016, the Allen Superior Court sentenced him to eighty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Littlejohn argues that he is entitled to habeas relief due to ineffective assistance of trial counsel and appellate counsel. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the petition, Littlejohn was sentenced on July 16, 2016, and his direct appeal culminated in the Indiana Supreme Court's denial of a petition to transfer on June 27, 2017. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on September 25, 2017. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a State prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). On July 26, 2017, Littlejohn initiated State post-conviction proceedings, and the limitations period remained tolled until September 1, 2022, when the post-conviction proceedings culminated in the Indiana Supreme Court's denial of transfer. The federal limitations period expired one year later on September 1, 2023. Littlejohn did not file the initial petition in this habeas case until February 13, 2024. ECF 1 at 5. Because Littlejohn filed the petition five months too late, the Court finds that the petition is untimely.

Littlejohn argues that the Court should excuse the untimely nature of the petition because he intended to file a federal habeas petition on August 17, 2023, but mailed it to the Indiana Supreme Court. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). "It is the petitioner's burden to establish both of these points." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter*, 840 F.3d at 870.

"To qualify as extraordinary, the circumstance that prevented the petitioner complying with a deadline must have been an external obstacle that impeded the presentation of his claim to the court, in other words, something that was beyond his control." *Conner v. Reagle*, 82 F.4th 542, 551 (7th Cir. 2023). Littlejohn's mistaken decision to send the habeas petition to the wrong court does not amount to an extraordinary circumstance. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling. This is the general rule, and it has been applied repeatedly to pro se habeas corpus petitioners." (cleaned up)). Absent an extraordinary circumstance, the Court cannot find that Littlejohn is entitled to equitable tolling. Therefore, the Court dismisses the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Littlejohn to proceed further, and a certificate of appealability is denied.

For these reasons, the Court hereby:

(1) DISMISSES the habeas petition [ECF No. 1] because it is untimely;

(2) DENIES Justin Littlejohn a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the Clerk of Court to close this case.

SO ORDERED on March 8, 2024.

                                                     s/ Theresa L. Springmann  
                                                     JUDGE THERESA L. SPRINGMANN  
                                                     UNITED STATES DISTRICT COURT